**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4212**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

VANESSA RUIZ, a/k/a Vanessa Cruz, a/k/a Cynthia Vanessa
Mendez,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (1:06-
cr-00542-AMD-3)

Submitted:  October 14, 2008        Decided:  November 3, 2008

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Kwame J. Manley, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vanessa Ruiz pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court sentenced Ruiz to 120 months' imprisonment. Ruiz appeals, contending that the district court's imposition of the statutory minimum sentence was improper because the court erroneously denied a sentencing reduction under the safety valve. See 18 U.S.C. § 3553(f) (2000); U.S. Sentencing Guidelines Manual (USSG) § 5C1.2 (2006). Finding no error, we affirm.

The safety valve requires a district court to impose a sentence within the applicable guideline range without regard to any statutory minimum sentence if a defendant meets five requirements. See 18 U.S.C. § 3553(f). The requirements are: (1) the defendant has no more than one criminal history point, (2) the defendant did not use violence or credible threats of violence or possess a firearm in connection with the offense, (3) the offense did not result in death or serious bodily injury, (4) the defendant was not an organizer or leader of others in the offense, and (5) the defendant provided truthful information to the government concerning the crime. Id. The burden is on the defendant to prove that all five safety-valve requirements have been met. United States v. Beltran-Ortiz, 91

2

F.3d 665, 669 (4th Cir. 1996). The district court's determination of whether a defendant satisfied the safety-valve requirements is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997).

Ruiz was assigned five criminal history points, thereby removing her from eligibility under § 3553(f). Although Ruiz alleges that her prior state court conviction for marijuana possession was a part of the present federal conspiracy for cocaine distribution, she has offered no evidence in support of that allegation. Tellingly, Ruiz's prior conviction occurred several months before the present conspiracy began. Despite Ruiz's argument, then, that the state and federal convictions were related because both involved "illegal" "Spanish speaking" "Hispanics," it is readily apparent that the convictions were separated by time, drug type, and activity. Accordingly, the district court did not clearly err in finding that Ruiz's prior state conviction was not part of the same course of conduct or common scheme or plan as the federal conspiracy. See USSG § 1B1.3(a)(2). Because the court's denial of the safety-valve reduction below the statutory minimum on this basis was proper, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

                                                              AFFIRMED